UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Valerie Goemaere,

    Plaintiff,

v.                                                                                          Case No. 09-14106

                                                                                  Honorable Sean F. Cox

Community Housing Network, Inc.,
and Oakland Community College,

    Defendants.
_____/

**OPINION & ORDER
GRANTING IN PART, AND DENYING IN PART,
DEFENDANT CHN'S MOTION TO DISMISS
AND *SUA SPONTE* DISMISSING CLAIMS AGAINST OCC**

Acting *Pro Se*, Plaintiff Valerie Goemaere ("Plaintiff") filed this action on October 16, 2009, asserting claims against Community Housing Network, Inc. ("CHN") and Oakland Community College ("OCC"). The matter is currently before the Court on Defendant CHN's Motion to Dismiss. The Court heard oral argument on March 4, 2010. For the reasons that follow, the Court shall GRANT THE MOTION IN PART AND DENY THE MOTION IN PART.

The Court shall DENY the motion to the extent that the Court rules that Plaintiff has sufficiently pled an employment discrimination claim against CHN under Title VII. The Court shall issue an appropriate scheduling order with respect to Plaintiff's Title VII claim against CHN.

The Court further concludes, however, that Plaintiff's complaint fails to sufficiently plead any other cognizable claims against CHN or OCC. Accordingly, to the extent that Plaintiff

1

intended to assert any other claims against CHN or OCC, the Court shall dismiss those claims without prejudice.

BACKGROUND

Acting *pro se*, Plaintiff filed this action on October 16, 2009. Docket Entry No. 1 contains Plaintiff's Complaint. Docket Entry No. 1, however, is actually a 20-page document that appears to consist of two separate complaints, followed by a number of attachments.

1. Employment Discrimination Complaint:

The first complaint appears to be a standard form for filing an action under Title VII of the Civil Rights Act of 1964 for employment discrimination. On this complaint, Plaintiff names just one defendant, Community Housing Network, Inc. ("CHN"). This complaint states that the alleged discriminatory acts occurred from March 2008 to present. (Docket Entry No. 1 at 2). It states that the defendant's conduct is discriminatory based upon: race, color, national origin and the ADA-defined disability of "PTSD (acute) Not Billable." (*Id.*). The complaint then states: "A copy of my charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim." (*Id.*).

A copy of Plaintiff's "Charge of Discrimination," is attached (Docket Entry No. 1 at 15) and so is her Notice of Right to Sue from the EEOC (Docket Entry No. 1 at 5). The Charge of Discrimination contains a brief statement of her allegations:

> I began employment with the above named company on February 18, 2008 as a part time Peer Housing Specialist.
>
> Since at least April 2008 and continuing until my discharge in January 2009, I observed that my white coworkers were given favored positions and privileges. In August 2008 I was placed on probation and given discipline for no reason, while my white coworkers were not disciplined for their infractions. In October 2008 I was denied breaks.

2

> During the course of my employment I was subjected to egregious racial harassment in the form of race based remarks, comments and hate crimes. I complained to management to no avail. I was also subjected to disability remarks and comments that rose to the level of disability based harassment. On January 15, 2009 I attempted to take leave due to the continued harassment that I was receiving. Instead, I was discharged.
>
> I believe that I have been subjected to discipline, harassment, different terms and conditions of employment and discharged due to my race, African American and my disability, in violation of Title VII of the Civil Rights Act of 1964, as amended and Title I of the Americans with Disabilities Act of 1990, as amended.

(Docket Entry No. 1 at 15).

    2.    <u>Other Complaint:</u>

Docket Entry No. 1 also contains a second form complaint, at pages 3 through 4. This other complaint appears to name two defendants: 1) CHN; and 2) Oakland Community College ("OCC"). Although this second complaint is difficult to understand, it appears to reference employment discrimination based on race. It also contains numerous vague allegations including allegations of: "unauthorized/stolen data gathering," "inciting and provoking Hate to induce or cause billable disability (ties) on a target," and "human experimenting without consent."

<u>CHN's Motion To Dismiss:</u>

On December 29, 2009, CHN filed the instant Motion to Dismiss. (Docket Entry No. 11). On December 30, 2009, this Court sent written notification to the parties advising that Defendant had filed the above motion and scheduling it to be heard by the Court on March 4, 2010. (Docket Entry No. 12).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a

brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiff opposes Defendant CHN's pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion.

Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of February 2, 2010, no brief in opposition to the motion has been filed by Plaintiff. This Court issued an Order to Show Cause on February 2, 2010, requiring Plaintiff to show cause, in writing, no later than February 22, 2010, why the unopposed motion should not be granted. (Docket Entry No. 13). That Order expressly cautioned:

> **Plaintiff is cautioned that failure to timely respond to this Order may result in this action being dismissed for failure to prosecute.**

(*Id.*) (emphasis in original). Nevertheless, Plaintiff did not file any response in opposition to Defendant's Motion to Dismiss.

Plaintiff did appear for the motion hearing on March 4, 2010, at which time she confirmed that the docket reflects the appropriate address where she receives mail. Plaintiff acknowledged that she did not file a response to the motion and stated that she has been trying to find an attorney to represent her in this matter.

ANALYSIS

A.   The Court Shall Grant In Part, And Deny In Part, CHN's Motion To Dismiss.

In its Motion to Dismiss, CHN asserts that "Plaintiff's Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 8(a), as set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), because there is no factual support for the

4

assertions contained therein." (Def.'s Motion at ¶ 1).

CHN notes that Plaintiff attached her EEOC Charge, but then asserts that "the allegations raised in Plaintiff's dismissed EEOC charge are not remotely similar to the allegations raised in the instant lawsuit." (Def.'s Br. at 3). In making that assertion, however, CHN fails to recognize Plaintiff's Employment Discrimination Complaint (Docket Entry 1 at 1-2) and its statement that "A copy of my charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim." (*Id*.).

CHN then asserts that Plaintiff's EEOC Charge failed to identify the coworkers who Plaintiff claims she was treated differently than and therefore the complaint is insufficient to state a claim under *Twombley* and *Iqbal*. All of the cases CHN cites, however, are cases wherein the Plaintiff was represented by counsel. None of them involved a *pro se* plaintiff. Moreover, in all but one of the cases CHN cites, the Court dismissed the complaint but granted leave to the plaintiff to file an amended complaint with more specific factual allegations.

Given the circumstances presented here, the Court shall grant Defendant CHN's motion in part and deny it in part.

The Court shall deny the motion to the extent that it concludes that Plaintiff has asserted a cognizable employment discrimination claim against CHN under Title VII. Accordingly, the Court shall issue an appropriate Scheduling Order following the issuance of this Opinion. The Court hereby **cautions Plaintiff that, despite her *pro se* status, she must comply with this Court's orders and cooperate in discovery and failure to do so may result in the dismissal of her case.**

The Court shall grant Defendant CHN's motion to the extent that it concludes that

Plaintiff has not sufficiently pled any other claims against CHD. Accordingly, to the extent that Plaintiff intended to assert any other claims against CHN, the Court shall dismiss those claims without prejudice.

B.   The Court Shall *Sua Sponte* Dismiss Plaintiff's Claims Against OCC Without Prejudice.

After filing this action, Plaintiff was granted *in forma pauperis* status. Although OCC appears to be named as a Defendant in this action, it does not appear that OCC has been served. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court may *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant is the Court determines that the complaint fails to state a claim for which relief may be granted.

Having carefully reviewed Plaintiff's *pro se* complaint, the Court concludes that Plaintiff has failed to plead a sufficient factual or legal basis for any claims against OCC. Accordingly, to the extent that Plaintiff intended to assert any claims against OCC, the Court shall dismiss those claims without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                              CONCLUSION & ORDER

As set forth above, Defendant CHN's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Court DENIES the motion to the extent that it concludes that Plaintiff has asserted a cognizable employment discrimination claim against CHN under Title VII. The Court GRANTS Defendant CHN's motion to the extent that it concludes that Plaintiff has not sufficiently pled any other claims against CHD. Accordingly, to the extent that Plaintiff intended to assert any other claims against CHN, such claims are DISMISSED WITHOUT PREJUDICE.

The Court further ORDERS that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), any claims

asserted against OCC are DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

                            S/Sean F. Cox
                            Sean F. Cox
                            United States District Judge

Dated: March 18, 2010

I hereby certify that on March 18, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Valerie Goemaere via First Class Mail at the address below:

Valerie Goemaere
45 Oriole Road
Pontiac, MI 48341-1563

                            S/J. Hernandez
                            Case Manager